IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| NORMAN LEE AGNEW, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:18-CV-141-D |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS
BY A PERSON IN STTE CUSTODY**

Petitioner, a state prisoner confined in the Clements Unit, has filed an application for federal habeas corpus relief under 28 U.S.C. § 2254 challenging "unconstitutional conditions of confinement." [ECF 3 at 2]. Specifically, petitioner contends he has been denied procedural due process in that he was not given the minimal requirements of notice and a hearing prior to being sent to a "supermax"-type unit. [ECF 3 at 6]. Petitioner also appears to complain of his assignment to a "disciplinary unit," his inability to practice his Native American religion at the assigned unit, the lack of a "piddling" shop or trade opportunities at the unit, his housing placement with "lifers" and "psych" patients, and possible endangerment to his welfare due to his unit assignment. As the relief sought in his habeas application, petitioner states "he is requesting to be placed in a minimum security unit, being placed in a less restrictive unit." [ECF 3 at 7].

<u>28 U.S.C. §§ 2241, 2254 v. 42 U.S.C. § 1983</u>

"[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release

from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Cook v. Tex. Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994). Title 28 U.S.C. § 2241 provides the general jurisdictional basis for federal courts to consider habeas corpus challenges to state and federal court judgments. *Story v. Collins*, 920 F.2d 1247, 1250 (5th Cir. 1991). Section 2241 is the proper habeas remedy if a prisoner "challenges the execution of his sentence rather than the validity of his conviction and sentence." *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992) (comparing sections 2241 and 2255). In contrast, 28 U.S.C. § 2254 specifically "confers jurisdiction upon the federal courts to hear collateral attacks on state court judgments." *Carmona v. Andrews*, 357 F.3d 535, 537 (5th Cir. 2004) (citing *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000)). If a prisoner is challenging the legality of his underlying state conviction or the sentence imposed by the trial court in order to obtain release from custody, section 2254 is the proper habeas remedy. *Stewart v. Cain*, 71 F3d 879 (5th Cir. 1995).

On the other hand, 42 U.S.C. § 1983 is the appropriate legal vehicle to attack conditions of confinement. *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995). "[A] § 1983 challenge is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Preiser*, 411 U.S. at 499; *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) ("Generally, § 1983 suits are the proper vehicle to attack the unconstitutional conditions of confinement and prison procedures.").

In the instant section 2254 habeas application, petitioner does not challenge the very fact of his physical imprisonment or the duration/length of his imprisonment. By his habeas application, petitioner does not seek a determination that he is entitled to immediate release or a speedier release from imprisonment. Petitioner does not challenge the legality of his holding convictions or the validity of his holding sentences by asserting Constitutional errors occurred in the underlying state criminal proceedings, nor does he challenge the execution of his holding sentences. Instead, petitioner's allegations challenge various aspects or conditions of his confinement and prison life, and/or prison

procedures utilized in determining his unit assignment. Petitioner has not raised claims that are proper in either a section 2241 or section 2254 federal habeas corpus proceeding. As petitioner's claims are not cognizable in a federal habeas corpus action, the instant petition must be dismissed.[1]

## RECOMMENDATION

---

[1] This Court declines to re-designate petitioner's pleading as a civil rights complaint. Petitioner has accumulated three strikes under 28 U.S.C. § 1915, and he is barred from bringing any civil action *in forma pauperis* while he is incarcerated in any facility unless he shows he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). For a history of petitioner's accumulated strikes, this Court considered its recent dismissal of petitioner's claims in Cause No. 2:18-CV-64. The present case was filed just three weeks after that case was dismissed and the present filing appears to be an attempt to abuse the habeas process to circumvent the three-strike bar in his civil rights filings. Petitioner is admonished that if he continues in this practice, he will qualify for the imposition of sanctions which, if imposed, would prohibit him from filing any civil action, including a habeas corpus action, in this Court unless he has first obtained leave to file the action via a properly obtained court order.

It is the RECOMMENDATION of the United States Magistrate Judge to the Senior United States District Judge that the petition for a writ of habeas corpus filed by petitioner NORMAN LEE AGNEW be DISMISSED.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED November 28, 2018.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

**\* NOTICE OF RIGHT TO OBJECT \***

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).